# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREW TUCKER, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| V. | ) | |
| | ) | ID No.: 1309014648 |
| STATE OF DELAWARE | ) | |

Submitted: February 7, 2020
Decided: April 14, 2020

*On Petition for Sentence Modification*
**DENIED.**

## ORDER

And now, this 14th day of April 2020, the Court makes the following findings:

1. Defendant Andrew Tucker ("Tucker") was charged in this Court with two counts of Burglary Second Degree and related offenses. Trial on the charges was held in October 2014 and the jury returned a verdict of guilty of all charges.

2. On February 20, 2015, upon the State's motion, the Defendant was declared a habitual offender on one of the burglary counts, and a sentence of eight years on that charge was mandated by operation of 11 *Del. C.* §4214, the statute governing habitual criminal status. An additional two years was imposed on the second count of Burglary Second Degree that was not part of the State's habitual offender motion.

3. In due course, the Defendant's conviction was affirmed by the Delaware Supreme Court.[1] This was followed in 2019 by a motion for relief pursuant to then recent amendments to 11 *Del. C.* §4214(f). Pursuant to Superior Court Special Rules of Procedure 2017-1(d), the Court granted Defendant a Certificate of Eligibility, which is essentially a certification that the defendant meets the time served and other criteria necessary to petition for relief under the amendments to the habitual offender laws. The right to petition, however, is not the same as the right to relief. Rather, the Court must review the petitions of those defendants who meet the essential qualifications to seek relief to determine if theirs is a case warranting relief.

4. While the State conceded that the Defendant was eligible to seek relief, it has formally opposed Defendant's motion. Interestingly, while the statute in question requires that the Court "articulate on the record the results of its review and its rationale for granting or denying a petition"[2] it does not set forth any particular standard for the review of the previously imposed sentence. Rather, the Court is simply instructed to "include a review of the applicant's prior criminal history, including arrests and convictions, a review of the applicant's conduct while

---

[1] *Tucker v. State,* 125 A.3d 1100 (Del. 2015).
[2] 11 *Del. C.* §4214(f)

2

incarcerated, and available evidence as to the likelihood that the applicant will reoffend if released, including a formal, recent risk assessment."[3]

5. The reviews mandated by statute, however, are just that: reviews. The statute is silent as to what weight, if any, the Court should apply to these reviewed elements. It therefore sounds for all the world like the amendments to section 4214(f) are intended to return sentencing discretion to the Court in those cases meeting the eligibility requirements. In cases where, after considering the same elements the Court would be considering in any non-mandatory sentencing scheme, the sentence is one the Court would have imposed anyway, then relief is not warranted.

6. The Court does not believe that the State's application of the mandatory sentence of section 4214 worked some disproportionate or inappropriate result in this case. The reasons, therefore, are as follows.

7. By his own admission, Defendant's criminal history is abysmal. His petition recites that in Delaware he has been arrested sixty-six times, thirty-seven of them for Title 11 criminal offenses. He has six Delaware felony convictions and eighteen misdemeanor convictions. As a probationer, he has been found in violation of his probation seven times. His record out of state is also unimpressive, with multiple convictions in both Pennsylvania and Maryland.

---

[3] *Id.*

3

8.     A persistent theme emerging from this prolonged criminal history is that the Defendant takes things that do not belong to him.  It may be, as one of his character witnesses has written, that some consider him "non-violent," but the offenses in this indictment were residential burglaries.  We might debate at length whether house burglaries are "violent,"[4] but we cannot debate the intensity of the violation of personal space, privacy and the sanctity of the home in cases of residential burglary.  So while the thieves among us are many, house burglars are not "ordinary" thieves, be they considered "violent" or not. They take much more than property when they move through a homeowner's most personal space.

9.     The statute further requires us to consider the Defendant's conduct while in prison.  Once again, this petition is wanting.  The Defendant is the recipient of no less than eleven write-ups for disciplinary infractions.  It may be true, as petitioner urges, that some of these were for relatively minor rules violations.  But a petition burdened by a horrendous criminal record should be otherwise exemplary.  This one is not.

10.     The final mandated review concerns evidence that the Defendant is likely to be arrested again if released, including a recent risk assessment.  A risk assessment is included in the papers and indicates the Defendant is of "moderate"

---

[4] *See, e.g.,* RICHARD F. CULP, PH.D. ET AL., IS BURGLARY A CRIME OF VIOLENCE? AN ANALYSIS OF NATIONAL DATA 1998-2007 (January 2015) https://www.ncjrs.gov/pdffiles1/nij/grants/248651.pdf

risk. In addition, the Defendant's moving papers refer to a plan for the Defendant to move to Florida if permitted upon release and to care for elderly relatives living there. Other family members indicate that the Defendant would have a home in Delaware to stay in while awaiting approval to move his residence to Florida. The fact that the Defendant has any family members at all willing to say something positive about him is a tribute, either to him or his family members. It is just unfortunate that his family has been in his life for many, many years and it seems he was virtually never out of legal jeopardy. Thus, his family influences must be discounted in light of his long criminal history.

11. It must be added that the Court, in fashioning a sentence absent the construct of the specific considerations of section 4214, would also consider the nature of the offenses under consideration, their victim impact and their impact on society at large. So too would the Court consider that the State could have, but did not, proceed to seek habitual offender sentencing on both counts of Burglary Second Degree, which would have put Defendant behind bars for sixteen years.

12. Had the State done so, the instant motion might well call for relief. But the State did not, and Defendant ended up with a ten year sentence. The Court finds, on balance, that this sentence is in line with what the Court might have imposed even absent the habitual offender motion. Due to the nature of these offenses and Defendant's long criminal history, he was due for a substantial jail sentence. Ten

5

years is substantial but not outside the range of reason. Applying the criteria called for under the statute, and in consideration of what the Court would likely have imposed, even without a habitual petition, the Court concludes that this is not one of those cases that in justice requires relief from the mandatory features of the statute.

The motion is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Judge Charles E. Butler

6